IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEVIN MILLEN,

                                                                           OPINION and ORDER

                Plaintiff,

                                                                           09-cv-512-slc[1]

     v.

WISCONSIN STATE JOURNAL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for monetary relief in which plaintiff, a resident of Memphis, Tennessee, contends that defendant <u>Wisconsin State Journal</u> published false information about him. Diversity jurisdiction appears to exist. 28 U.S.C. § 1332. Although I have doubts that plaintiff could prove that he is entitled to more than $75,000 in actual or punitive damages for the alleged defamation, I cannot say with certainty that he could

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the district receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order I am assuming jurisdiction over the case.

not. Plaintiff has asked for leave to proceed in forma pauperis and has supported his request with an affidavit of indigency.

The standard for determining whether plaintiff qualifies for indigent status is the following:

- Take the annual gross income of plaintiff;

- Subtract $3700 for each dependent, excluding plaintiff.

- If the balance is less than $16,000, plaintiff may proceed without any prepayment of fees and costs;

- If the balance is greater than $16,000 but less than $32,000, plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, plaintiff must prepay all fees and costs.

In this case, plaintiff has one dependent. His monthly income is $350, which makes his annual income $4,200. Plaintiff's balance comes to $500 after subtracting $3700 for his dependent. Because plaintiff's income is less than $16,000, he can proceed without any prepayment of fees or costs.

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, because plaintiff is requesting leave to proceed under the in forma pauperis statute, his complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for

2

money damages. 28 U.S.C. § 1915(e)(2)(B). Having reviewed plaintiff's complaint, I conclude that he may not proceed at this time because the complaint violates Fed. R. Civ. P. 8. Accordingly, I will dismiss the complaint and give plaintiff until October 5, 2009 within which to file an amended complaint that corrects these violations.

DISCUSSION

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's proposed complaint fails to comply with this rule. From the proposed complaint and the documents attached to it, it appears that plaintiff is alleging that on November 5, 1998, defendant published false information in its newspaper that plaintiff was accused of stalking and making threatening phone calls to a coach at Georgetown University. Given the date of the article, plaintiff recognizes that he may run afoul of the two-year statute of limitations period for libel under Wisconsin law. Wis. Stat. § 893.57. Under the discovery rule, a cause of action accrues when the plaintiff knows to a reasonable probability, or in the exercise of reasonable diligence should have known, the fact of injury and the person who caused the injury. Hansen v. A.H. Robins, Inc., 113 Wis. 2d 550, 560, 335 N.W.2d 578, 583 (1983); Groom v. Professionals Ins. Co., 179 Wis.2d 241, 247-48, 507 N.W.2d 121, 124 (Ct. App. 1993). Plaintiff asserts that the statute of limitations should be tolled because he had no idea that

3

the article was on the internet.  Although that may be the case, plaintiff does not allege how and when he first learned that the newspaper had published this allegedly false information and why he did not discover it as early as 1998.  The mere fact that the article continued to appear on the internet does not toll plaintiff's statute of limitations period indefinitely.

Second, Wis. Stat. § 895.05(2) requires that "[b]efore any civil action shall be commenced on account of any libelous publication in any newspaper . . . the libeled person shall first give those alleged to be responsible or liable for the publication a reasonable opportunity to correct the libelous matter."  Plaintiff did not allege in his complaint that he sought such a correction from defendant.  According to Schultz v. Sykes, 248 Wis. 2d 746, 789-90, 638 N.W.2d 604, 624 (Ct. App. 2001), the notice requirement in Wis. Stat. § 895.05(2) "is a condition precedent to the existence of a cause of action for libel where the statute applies, and a circuit court is not competent to hear the claim until the condition is met."  Citing Elm Park Iowa, Inc. v. Denniston, 92 Wis. 2d 723, 728-29, 286 N.W.2d 5, 9 (Ct. App. 1979), the Wisconsin Court of Appeals compared the notice requirement in § 895.05(2) to the notice of claim provision in Wis. Stat. § 895.45, which is designed to afford governmental entities an opportunity to adjust claims and avoid needless litigation. The court noted that it had held in Hucko v. Jos. Schlitz Brewing Co., 100 Wis. 2d 372, 380-81, 302 N.W.2d 68, 73-74 (Ct. App. 1981), that "no civil action for damages can be brought or maintained unless the condition precedent of required notice is given."

4

Therefore, if plaintiff has not given defendant an opportunity for correction, this court would lack jurisdiction to hear his case against defendant.

Because plaintiff's complaint does not comply with Rule 8, I must dismiss it without prejudice. Plaintiff is free to file an amended complaint that shows why this case should not be dismissed for his apparent failures to file it within the statute of limitations period and to seek a correction from defendant in accordance with § 895.05(2). As a final matter, I note that plaintiff alleges in his complaint only that defendant published false information about him over the internet and attaches a copy of the article appearing on the internet. If plaintiff chooses to amend his complaint, he also should include allegations within the complaint itself setting forth the information published about him and why he believes it to be false.

ORDER

IT IS ORDERED that:

1. Plaintiff Kevin Millen's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8.

2. Plaintiff may have until October 5, 2009, in which to submit a proposed amended complaint that conforms to the requirements Fed. R. Civ. P. 8. If plaintiff fails to respond to this order by that date, the clerk of court is directed to close this case for plaintiff's failure

5

to prosecute.

     3.  If, by October 5, 2009, plaintiff submits a revised complaint as required by this order, I will take that complaint under advisement for a determination whether he may proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

     Entered this 14th day of September, 2009.

                        BY THE COURT:

                        /s/
                        _____
                        BARBARA B. CRABB
                        District Judge