IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEVIN MILLEN,

                                                                         OPINION and ORDER

              Plaintiff,

                                                                           09-cv-512-slc

     v.

WISCONSIN STATE JOURNAL,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On August 18, 2009, plaintiff Kevin Millen filed a proposed civil action for monetary relief in which he alleged that defendant Wisconsin State Journal published false information about him over the internet. In an order entered on September 14, 2009, I denied plaintiff's request for leave to proceed in forma pauperis and dismissed his initial complaint for his failure to comply with Fed. R. Civ. P. 8. Dkt. #5. (The complaint did not contain either a short and plain statement of the grounds for the court's jurisdiction or a statement showing that plaintiff would be entitled to relief.) However, I offered plaintiff an opportunity to amend his complaint to conform to Rule 8. Now before the court is plaintiff's proposed amended complaint, dkt. #6, along with his motion for a preliminary injunction. Dkt. #3.

In addressing any pro se litigant's complaint, the court must read the allegations of

the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, because plaintiff is requesting leave to proceed under the in forma pauperis statute, his complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). Having reviewed plaintiff's proposed amended complaint, I conclude that plaintiff may not proceed at this time because his amended complaint still fails to meet the requirements of Fed. R. Civ. P. 8. Accordingly, I will dismiss the amended complaint and give plaintiff until October 20, 2009 within which to file a second amended complaint that corrects these violations. Because plaintiff's amended complaint must be dismissed, his motion for a preliminary injunction will be denied as moot.

## DISCUSSION

In the original complaint, plaintiff alleged that on November 5, 1998, defendant published false information in its newspaper to the effect that plaintiff was accused of stalking and making threatening phone calls to a coach at Georgetown University. I noted two problems with the complaint. First, plaintiff appears to have filed his lawsuit outside the two-year statute of limitations period for libel under Wisconsin law. Wis. Stat. § 893.57. Under the discovery rule, a cause of action accrues when the plaintiff knows to a reasonable probability, or in the exercise of reasonable diligence should have known, the fact

2

of injury and the person who caused the injury. Hansen v. A.H. Robins, Inc., 113 Wis. 2d 550, 560, 335 N.W.2d 578, 583 (Wis. 1983); Groom v. Professionals Ins. Co., 179 Wis. 2d 241, 247-48, 507 N.W.2d 121, 124 (Wis. Ct. App. 1993). I found that plaintiff failed to allege how and when he first learned that the newspaper had published this allegedly false information and why he did not discover it as early as 1998. Although plaintiff fails to make any new allegations relating to the statute of limitations issue in the amended complaint, it is an affirmative defense that can be waived. Second, I found that plaintiff failed to allege that he gave defendant a reasonable opportunity to correct the allegedly false information, as he is required to do under Wis. Stat. § 895.05(2). Schultz v. Sykes, 248 Wis. 2d 746, 789-90, 638 N.W.2d 604, 624 (Ct. App. 2001) (notice requirement condition precedent to filing libel suit).

Plaintiff's proposed amended complaint contains far fewer factual allegations than the original complaint. Plaintiff simply alleges that defendant published untrue information about his being accused of stalking his former coach; he fails to identify the date of publication or to attach a copy of the article, as he did when he filed his original complaint. However, plaintiff does attach a copy of a letter addressed to defendant and dated July 26, 2009, in which he asks defendant to "correct a wrong that was put in the Wisconsin State Journal" about him.

Wis. Stat. § 895.05(2) requires the following:

3

> Before any civil action shall be commenced on account of any libelous publication in any newspaper . . ., the libeled person shall first give those alleged to be responsible or liable for the publication a reasonable opportunity to correct the libelous matter.  Such opportunity shall be given by notice in writing specifying the article and the statements therein which are claimed to be false and defamatory and a statement of what are claimed to be the true facts. . . .  The first issue published after the expiration of one week from the receipt of such notice shall be within a reasonable time for correction. . . .  A correction, timely published, without comment, in a position and type as prominent as the alleged libel, shall constitute a defense against the recovery of any damages except actual damages, as well as being competent and material in mitigation of actual damages to the extent the correction published does so mitigate them.

Plaintiff's July 26 letter fails to meet the requirements of § 895.05(2).  It did not identify the alleged false statements or the facts that plaintiff asserts are true.  Unless defendant can show that he gave defendant the information required by § 895.05 in another communication, he would be legally prohibited from beginning an action against defendant.  Until he supplies such information, I must dismiss his amended complaint without prejudice because it fails to properly identify the grounds for this court's jurisdiction, as required under Rule 8(a)(1).

Because it is not clear from the amended complaint whether plaintiff has complied with § 895.05(2), I will give him another opportunity to amend his complaint to explain how he notified defendant about the false publication and whether defendant responded to such notice.  If plaintiff chooses to file a second proposed amended complaint, he should set

forth all of his factual allegations and claims for relief in one document that can be served upon defendant. He should include in this document all of the claims he has raised in his initial proposed complaint and his first amended complaint. The court will not piece together numerous versions of the complaint or attachments that have been filed separately. Finally, because plaintiff's amended complaint must be dismissed, his motion for a preliminary injunction will be denied as moot.

ORDER

IT IS ORDERED that:

1. Plaintiff Kevin Millen's proposed amended complaint, dkt. #6, is DISMISSED because it is in violation of Fed. R. Civ. P. 8.

2. Plaintiff's motion for a preliminary injunction, dkt. #3, is DENIED as moot.

3. Plaintiff may have until October 20, 2009, in which to submit a second proposed amended complaint that conforms to the requirements of Fed. R. Civ. P. 8. If plaintiff fails to respond to this order by that date, the clerk of court is directed to close this case for plaintiff's failure to prosecute.

4. If, by October 20, 2009, plaintiff submits a revised complaint as required by this order, I will take that complaint under advisement for a determination whether he may

proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Entered this 29th day of September, 2009.

                                    BY THE COURT:

                                    /s/

                                    BARBARA B. CRABB
                                    District Judge