IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEVIN MILLEN,

                                Plaintiff,

     v.

WISCONSIN STATE JOURNAL,

                                Defendant.

ORDER

09-cv-512-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On August 18, 2009, plaintiff Kevin Millen filed a proposed civil action for monetary relief in which he alleged that defendant Wisconsin State Journal published false information about him over the internet. On September 14, 2009, I dismissed his complaint because he failed to comply with Fed. R. Civ. P. 8. Dkt. #5. Plaintiff filed an amended complaint, which I dismissed on September 29, 2009, because it too failed to comply with Rule 8. Dkt. #7. Now before the court is plaintiff's second amended complaint in which plaintiff questions the purpose of Rule 8, cites Wisconsin law and attaches copies of his previously filed complaints and documents. Dkt. #8.

       Because plaintiff is a pro se litigant, I must read his complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, because plaintiff is requesting leave to proceed

1

under the in forma pauperis statute, his complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). Having reviewed plaintiff's second proposed amended complaint, I conclude that plaintiff has failed to correct the deficiencies that I identified.

In the previous two orders, I informed plaintiff that under Wisconsin law, he must show that he gave defendant a reasonable opportunity to correct the allegedly false information. Wis. Stat. § 895.05(2); Schultz v. Sykes, 248 Wis. 2d 746, 789-90, 638 N.W.2d 604, 624 (Wis. Ct. App. 2001) (notice requirement condition precedent to filing libel suit). Although plaintiff attached a copy of a letter that he wrote to defendant on July 26, 2009 to his first amended complaint, I found that it failed to meet the requirements of § 895.05(2) because it did not identify the alleged false statements or the facts that plaintiff asserts are true. Further, plaintiff failed to discuss whether defendant ever responded to the letter.

In the second proposed amended complaint, plaintiff does not mention the notice requirement or answer the questions posed in the court's September 29 order. Therefore, I will give him one final opportunity to inform the court of the following:

- Whether plaintiff identified for defendant the alleged false statements contained in the article;

- Whether plaintiff informed defendant of the facts that he asserts are true; and

- Whether defendant ever responded to plaintiff's July 29, 2009 letter or any other correspondence from plaintiff.

If plaintiff fails to respond to these questions by November 6, 2009, or if I determine that he has not made the requisite showing under § 895.05(2), I will dismiss his case *with prejudice* and direct the clerk of court to close the file.

ORDER

IT IS ORDERED that plaintiff Kevin Millen has until November 6, 2009 within which to inform the court whether he notified defendant of the alleged false statements and the facts that he asserts are true and whether defendant ever responded to any communication from plaintiff. If by November 6, 2009, plaintiff fails to respond to this order or make the requisite showing, I will dismiss the complaint with prejudice for failure to state a claim upon which relief may be granted.

Entered this 21st day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge